1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

The Honorable Michelle L. Peterson

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

Plaintiff,

v.

LEONTAI BERRY,

Defendant.

NO. CR19-230 JLR

**GOVERNMENT'S MEMORANDUM
REGARDING DETENTION**

Detention Hearing:  Nov. 15 at 2:30 p.m.

The United States of America, by and through Brian T. Moran, United States Attorney for the Western District of Washington, and Jessica M. Manca, Assistant United States Attorney for said District, hereby files this memorandum regarding its Motion for Detention.  For the reasons set forth below, the government respectfully submits that it has met its burden to show by clear and convincing evidence that the defendant poses a danger to the community if released from custody.

## I.   BACKGROUND

A grand jury in the Western District of Washington indicted Leontai Berry and his mother, Shannon McCall, for conspiring to violate the Gun Control Act and committing five straw purchases in furtherance of that conspiracy, in addition to other overt acts.

*United States v. Leontai Berry*
Memorandum RE: Motion for Detention - 1

1    This investigation began when the government obtained evidence that a convicted

2 felon, Jayvon Grayson, possessed multiple firearms—including a Glock pistol converted

3 into a machinegun—shortly after his release from prison and while he was supervised by

4 the Washington State Department of Corrections.  Specifically, investigators seized a

5 phone that belonged to Mr. Grayson's girlfriend, searched it pursuant to a warrant, and

6 located numerous firearm-related photographs and videos.  Several of these photographs

7 and videos showed Mr. Grayson acquiring, displaying, and even shooting firearms.  Mr.

8 Grayson is a known member of Low Profile, a violent Seattle-area gang, and the evidence

9 on his phones and in his social media accounts reflects his gang affiliation.

10    Some of the firearms shown on Mr. Grayson's phone had visible serial numbers

11 and could be traced.  Agents identified Shannon McCall as the purchaser of three

12 firearms shown on Mr. Grayson's phone.  Investigation revealed that Ms. McCall's son,

13 Leontai Berry, was a close friend of Mr. Grayson and the likely source of several

14 firearms that Mr. Grayson unlawfully possessed.

15    Agents obtained search warrants for Ms. McCall's residence, her phone, her

16 Facebook account, and Mr. Berry's Facebook accounts.  One of Mr. Berry's Facebook

17 accounts exists under the public name "Jardani Jovonovich," and the other is under the

18 public name "Leontai Berry."  *See* Ex. 1.  Mr. Berry's Facebook records contain

19 numerous references to shooting activity and gang affiliations, describe how he

20 purchased firearms in his mother's name, and discuss how to convert semi-automatic

21 pistols to fully automatic pistols using Glock conversion switches.  The records also

22 reveal that he sold several firearms in the past two years, including at least two that had

23 been converted into machineguns, and that he emphasized selling firearms to people who

24 were "shooting towards the same direction."  Ex. 2 at Facebook p. 6325.

## II.    LEGAL STANDARD

26    In ruling on a motion for pretrial detention, the Court must determine whether any

27 condition or combination of conditions will reasonably assure the appearance of the

28

*United States v. Leontai Berry*
Memorandum RE: Motion for Detention - 2

1 defendant as required, and the safety of any other person and the community. 18 U.S.C. §

2 3142(f).  The Bail Reform Act provides that a court should detain a defendant pending

3 trial if "no condition or combination of conditions . . . will reasonably assure the

4 appearance of the person as required and the safety of any other person and the

5 community."  18 U.S.C. § 3142(f).  The United States bears the burden of showing that

6 the defendant poses a danger to the community by clear and convincing evidence, and it

7 bears the burden of showing that a defendant poses a flight risk by a preponderance of the

8 evidence.  *United States v. Gebro*, 948 F.2d 1118, 1120 (9th Cir. 1991).

9        The Bail Reform Act identifies four factors that a court should consider in

10 analyzing a detention motion:  "(1) the nature and circumstances of the offense charged,

11 including whether the offense . . . involves a firearm; (2) the weight of the evidence

12 against the person; (3) the history and characteristics of the person, including (A) the

13 person's character,. . . family ties, employment, financial resources length of residence in

14 the community, community ties, past conduct, history relating to drug or alcohol abuse,

15 criminal history, and record concerning appearance at court proceedings; and (B)

16 whether, at the time of the current offense or arrest, the person was on probation [or] on

17 parole . . .; and (4) the nature and seriousness of the danger to any person or the

18 community that would be posed by the person's release . . . ."

19                    **III.    REVIEW OF THE DETENTION FACTORS**

20        **A.    The Nature and Circumstances of the Charged Offense.**

21        The indictment alleges an ongoing pattern of criminal conduct that began over two

22 years ago and continued through at least July 1, 2019, when a search warrant was

23 executed on Ms. McCall's residence.  Within that time period, Mr. Berry conspired, with

24 his mother and others, to obtain multiple firearms through straw purchases.  At least one

25 of the firearms he acquired was used in a shooting on August 19, 2018, two days before

26 Mr. Berry began trying to sell it.  That same firearm, which Mr. Berry had converted into

27 a machinegun using an aftermarket Glock conversion device or "Glock switch," ended up

28

*United States v. Leontai Berry*
Memorandum RE: Motion for Detention - 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  in the hands of two different felons, each of whom had previously been convicted of an

2  armed robbery.

### B.      The Weight of the Evidence Against Mr. Berry.

4          The evidence against Mr. Berry is strong, as illustrated by the attached exhibits.

5  This factor weighs in favor of detention.

### C.      Mr. Berry's History and Characteristics.

7          The government recognizes that Mr. Berry's age, lack of criminal history, and ties

8  to the community weigh in favor of release.  The government's counterveiling concern is

9  that Mr. Berry's social network also includes the numerous gang-involved individuals

10  with whom he has actively bought, sold, and traded firearms.[1]  Evidence contained in Mr.

11  Berry's Facebook records and in other social media suggests that Mr. Berry is also gang-

12  involved.

### D.      Dangerousness of Mr. Berry's Conduct.

14          The evidence demonstrates that Mr. Berry has been actively buying, selling, and

15  trading firearms in an illegal market that exists among gang-involved individuals who use

16  guns to commit violent crime.[2]  His Facebook conversations show that he converted at

17  least two or three pistols into machineguns (which he later sold or attempted to sell), and

18  that he also attempted to sell a Glock conversion device.  Most of the firearms that he

19  acquired have been sold and are currently unaccounted for.  This conduct is dangerous to

20  the community and substantially contributes to the proliferation of gun violence in our

21  region.

---

[1] Mr. Berry communicated about firearms and shootings with known members of Low Profile, Stakkteam, and 30 Gang, among other Seattle-area street gangs.  Some of these individuals have Facebook account usernames that include explicit references to their Stakkteam and 30 Gang affiliations.

[2] Mr. Berry is eligible to possess firearms, but he is too young to purchase handguns from a federally licensed firearms dealer.  18 U.S.C. § 922(b)(1).  Washington law requires all private firearm sales to include a background check conducted through a federally licensed firearms dealer; therefore, Mr. Berry's firearm sales through Facebook without a background check violate Washington law.  Rev. Code of Wash. § 9.41.113

*United States v. Leontai Berry*
Memorandum RE: Motion for Detention - 4

1

V.    CONCLUSION

2        For the foregoing reasons, the government respectfully submits that it has met its

3  burden to demonstrate by clear and convincing evidence that there are no less restrictive

4  conditions or combination of conditions that will reasonably ensure public safety if Mr.

5  Berry is released from custody.

6

7        DATED this 14th day of November, 2019.

8                                Respectfully submitted,

9
                                 BRIAN T. MORAN
10                               United States Attorney

11
                                 */s/ Jessica M. Manca*
12                               JESSICA M. MANCA
                                 Assistant United States Attorney
13                               United States Attorney's Office
                                 700 Stewart, Suite 5220
14                               Seattle, Washington  98101
                                 Phone: (206) 553-4397
15                               Fax: (206) 553-0755
                                 E-mail: Jessica.Manca@usdoj.gov
16

17

18

19

20

21

22

23

24

25

26

27

28

*United States v. Leontai Berry*
Memorandum RE: Motion for Detention - 5

CERTIFICATE OF SERVICE

I hereby certify that on November 15, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorney(s) of record for the defendant(s).

/s/ Jessica M. Manca
JESSICA M. MANCA
Assistant United States Attorney
United States Attorney's Office
700 Stewart, Suite 5220
Seattle, Washington  98101
Phone: (206) 553-4397
Fax: (206) 553-0755
E-mail: Jessica.Manca@usdoj.gov

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States v. Leontai Berry
Memorandum RE: Motion for Detention - 6

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970