THE HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR19-230-JLR |
| Plaintiff, | |
| v. | MOTION FOR EARLY TERMINATION OF PROBATION |
| LEONTAI D. BERRY, | |
| Defendant. | Note for Motion Calendar: February 26, 2025 |

Leontai Berry, through counsel, Jesse Cantor, moves this Court for an order granting early termination of Probation, pursuant to 18 U.S.C. § 3564(c), given Mr. Berry's positive conduct and progress while on supervision and in the interest of justice.

## I. LEGAL FRAMEWORK

This Court, pursuant to 18 U.S.C. § 3564(c), has discretion to terminate a sentence of probation prior to its expiration. Specifically, "The court, after considering the factors set forth in section 3553(a) to the extent that they are applicable, may . . . terminate a term of probation previously ordered and discharge the defendant at any time in the case of a misdemeanor or an infraction or at any time after the expiration of one year of probation in the case of a felony, if [the court] is satisfied that such action is warranted by the conduct of the defendant and the interests of justice." Title 18 U.S.C. § 3564(c).

MOTION FOR EARLY TERMINATION
OF PROBATION
(*United States v. Berry*, CR19-230-JLR) - 1

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

Early termination of supervision, and presumably probation as it too is a form of supervision, is not reserved for rare cases of exceptionally good behavior. Rather, "[t]he expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *United States v. Ponce*, 22 F.4th 1045, 1047 (2022) (quoting *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014), which quoted 18 U.S.C. § 3583(e)(1)).

## II.     PROCEDURAL HISTORY

On April 30, 2021, Mr. Berry pled guilty to one count of Conspiracy to Violate the Gun Control Act and two counts of False Statement in Connection with the Acquisition of a Firearm. Dkt. 92. Mr. Berry's offense conduct began in August of 2017 when he was still a teenager who had just turned 18. Essentially, Mr. Berry conspired with his mother to purchase firearms on behalf of other people by falsely representing that his mother was the true purchaser. Dkt. 92. Because of Mr. Berry's age, he was too young to purchase firearms himself. As part of the conspiracy, Mr. Berry gave money to his mother to purchase the firearms (being the "straw purchaser" for Mr. Berry) who would then eventually receive the guns to transfer them to others.

On August 2, 2021, Leontai Berry was sentenced in this Court to five years of Probation after pleading guilty to Conspiracy to Violate the Gun Control Act, and False Statement in Connection with the Acquisition of a Firearm. The period of probation began on that day and is scheduled to expire on August 1, 2026.

## III.    ARGUMENT IN SUPPORT OF EARLY TERMINATION

Over the past three years, Mr. Berry has performed well on probation. There have been no court appearances for violations. Nor does the docket reflect any court

MOTION FOR EARLY TERMINATION
OF PROBATION
(*United States v. Berry*, CR19-230-JLR) - 2

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

action pertaining to alleged violations. This pattern of compliance should indicate that further supervision is simply unnecessary.

Furthermore, Mr. Berry was on a significant period of supervision during his pre-trial release. Specifically, Mr. Berry was released on November 15, 2019, on an appearance bond translating to approximately another 20 months of supervision.

Currently, Mr. Berry is required to submit a monthly financial statement that verifies employment. Additionally, he receives periodic and random home visits by his probation officer to check in. Other than that, there are really no significant conditions that still must be satisfied.

On a personal level, Mr. Berry has recently renewed his business license to continue building his cleaning services business. Ex. 1. One of the motivating reasons why Mr. Berry wants to end probation early is because he has prospective clients in Arizona who would like to hire him for his services. Additionally, Mr. Berry wants to relocate to a new area outside of Washington because he feels this area has had negative influences on him, going back to his youth. In sum, continued supervision is hurting his ability to expand his business outside of Washington and is preventing him from re-establishing himself in a new area where he would also feel safe.

Mr. Berry has also made a good impression in his community working with Community Passageways. Ex. 2. Attached to this memo is a letter of support from Community Passageways summarizing the important work that Mr. Berry has performed. *Id.* Also, because of the profound and positive impact that Community Passageways made on Mr. Berry, he wants to continue his work with that organization in addition to his own business that he launched.

Mr. Berry operates an independent cleaning business. Aside from the work he receives from Community Passageways, he is self-employed. While he wants to continue offering his services to Community Passageways, he also wants to expand his

MOTION FOR EARLY TERMINATION
OF PROBATION
(*United States v. Berry*, CR19-230-JLR) - 3

**FEDERAL PUBLIC DEFENDER**
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

business. For example, in his letter to the court, he states that he is working on a new business plan to transport shoes to other shoe store businesses, including one possible new client in Arizona. Ex. 3. As he also discusses in his letter to the court, he would like the freedom to be able to work outside of the state of Washington as he expands his business plans. *Id.*

IV. **CONCLUSION**

Applying the applicable 18 U.S.C. § 3553(a) factors, there is no reason to continue expending United States Probation's resources to supervise a person who has demonstrated rehabilitation and has little risk of re-offending. The law allows the Court to terminate probation after one year "if [the court] is satisfied that such action is warranted by the conduct of the defendant and the interests of justice." 18 U.S.C. § 3564(c). Mr. Berry has been on probation for over three years. For the reasons presented in this motion, together with the supporting exhibits, This Court should terminate Mr. Berry's Probation.

DATED this 14th day of February 2025.

Respectfully submitted,

s/ *Jesse Cantor*
Assistant Federal Public Defender
Attorney for Leontai D. Berry

MOTION FOR EARLY TERMINATION
OF PROBATION
(*United States v. Berry*, CR19-230-JLR) - 4

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100