The Honorable James L. Robart

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| UNITED STATES OF AMERICA, | NO. CR19-230 JLR |
|---|---|
| Plaintiff, | |
| v. | GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR EARLY TERMINATION OF PROBATION |
| LEONTAI BERRY, | |
| Defendant. | |

Leontai Berry moves the Court for early termination of a five-year probationary sentence imposed on August 2, 2021, in lieu of a custodial sentence. The Probation Office does not support his request because Berry has only had sporadic employment over the past three years and has not firmly established a prosocial support network or engagement with prosocial activities. The United States agrees with Probation and likewise opposes early termination in this case. Berry's probationary sentence continues to serve a rehabilitative and public safety function if he has not yet demonstrated his ability to obtain and maintain steady, full-time employment.

Gov't Resp. to Def.'s Mtn. for Early Termination - 1
*United States v. Berry.* / CR19-230 JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## I. FACTUAL AND PROCEDURAL BACKGROUND

In November 2019, the United States charged Berry and his mother, Shannon McCall, with a conspiracy to straw purchase firearms. The investigation revealed that McCall straw purchased at least five firearms for her son between August 2017 and January 2019. PSR ¶ 9. One of those pistols was converted to a machinegun, used to commit a drive-by shooting, and possessed by two convicted felons who were ineligible to possess firearms. PSR ¶ 12. In social media conversations, Berry discussed selling guns to other gang-involved people, knowing that those people would use those guns to commit shootings. Gov't Sentencing Mem., pp. 4-5 (Dkt. 97).

The Sentencing Guidelines range for Berry's offenses is 24 months to 30 months in custody. Despite the indisputable seriousness of these offenses and their widespread community impacts, the government recognized numerous mitigating factors in Berry's history and characteristics, including his lack of criminal history, his young age (he was only 18-19 years old when the majority of his criminal conduct occurred), his difficult upbringing with a lack of positive role models, and his work on violence prevention and intervention in our community. Therefore, the government joined the Probation Office in recommending that Berry not be sentenced to prison but rather that he serve five years of probation. Both the government and the defense characterized this recommendation as "unusual" given the nature and circumstances of his offenses, but nevertheless explained why a probationary sentence was appropriate in his case.[1] In particular, Probation characterized five years of probation as a "meaningful amount of time" and noted that Berry needed significant correctional treatment in the community to address numerous adverse childhood experiences Probation Sentencing Recommendation, pp. 5-6. The Court agreed with these recommendations and sentenced Berry to five years of probation.

---

[1] In contrast, the government viewed Berry's mother (McCall) as more culpable than Berry and recommended a 24-month prison sentence because her straw purchasing was more extensive. The Court sentenced her to 8 months in custody, followed by two years of supervised release.

Gov't Resp. to Def.'s Mtn. for Early Termination - 2
*United States v. Berry.* / CR19-230 JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

In three-and-a-half years of post-conviction supervision, the Probation Office has not alleged any probation violations. Berry's approximately 20-month term of pretrial supervision was similarly free of violations. Berry's probation requires him to "work full time (at least 30 hours per week) at a lawful type of employment." Judgment, p. 3 (Dkt. 121). According to the Probation Office, Berry has not yet obtained his GED, has not participated in vocational training or other education, and has maintained only sporadic, and to some extent unverified, employment. The Probation Office has requested, but not received, information substantiating Berry's self-employment and his ability to support himself. In the absence of information confirming that Berry's self-employment is a viable and stable means of employment, the Probation Office views Berry as underemployed, or sporadically employed. Therefore, Probation Office objects to Berry's motion for early termination of probation.

## II. LEGAL AUTHORITY

A motion for early termination of probation is reviewed with reference to the sentencing factors set forth in 18 U.S.C. § 3553(a)[2], "to the extent they are applicable." 18 U.S.C. § 3564(c). After considering these factors, the Court "may . . . terminate a term of probation . . . if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice."[3] *Id.* The Court enjoys substantial discretion in determining whether these factors are satisfied but must explain its decision with reference to the aforementioned statutory factors and legal standard. *Cf. United States v. Emmett*, 749 F.3d 817, 820 (9th Cir. 2014) (observing that "[a] district court's duty to

---

[2] These factors include the nature and circumstances of the offense, the history and characteristics of the defendant, the need to afford adequate deterrence, protection of the public, and providing the defendant with needed educational or vocational training or other correctional treatment. *See* 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D).

[3] 18 U.S.C. § 3564(c) also requires a defendant serve at least one year of probation before early termination. That condition is satisfied here.

Gov't Resp. to Def.'s Mtn. for Early Termination - 3
*United States v. Berry.* / CR19-230 JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

explain its sentencing decisions extends to requests for early termination of supervised release").

### III. ARGUMENT

In the government's view, probation requires not only the absence of violations but also the presence of sustained, stable, productive activity. The entire goal of probation is for a person to build a prosocial foundation that can be sustained. *See United States v. Murray*, 275 U.S. 347 (1928) (describing the reformative purpose of Federal Probation Act); *see also United States v. Consuelo-Gonzalez*, 521 F.2d 259, 263 (9th Cir. 1975) ("The theme that rehabilitation underlies probation is mirrored not only in the probation systems established under state law, but also in the Model Penal Code, which expressly recognizes rehabilitee by authorizing the imposition of any conditions of probation 'reasonably related to the rehabilitation of the defendant and not unduly restrictive of his liberty or incompatible with his freedom of conscience.'").

Employment and vocational education are essential to the rehabilitative function of probation. *See* 18 U.S.C. § 3563(b)(4) (indicating that the court may, in its discretion, impose a condition of probation that requires a defendant to "work conscientiously at suitable employment or pursue conscientiously a course of study or vocational training that will equip him for suitable employment"). Although the Probation Office assesses Berry as a low risk to reoffend, they have identified his primary risk factors as Social Networks and Education/Employment. Further, in undersigned counsel's experience, it is highly unusual, and perhaps even unprecedented, for the Court to grant early termination of probation or supervised release when a person has not established a pattern of stable, full-time employment.

Berry's motion contains few details about his present employment status and his plans for the future. He has not presented, nor has the Probation Office received, documentation showing that his cleaning business produces a steady, livable income. His contract work is sporadic, and his plans for a transportation business are admirable but

Gov't Resp. to Def.'s Mtn. for Early Termination - 4
*United States v. Berry.* / CR19-230 JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

currently theoretical. In his letter to the Court, Berry says that he has had difficulty getting hired at a "normal 9-5" job, but it is not clear what that that difficulty is. His felony conviction is undoubtedly a barrier, but many other individuals with felony convictions have obtained steady employment while on federal supervised release. Additionally, the Probation Office's 2021 Sentencing Recommendation noted that one of Berry's goals was to obtain his GED. To the best of the government's knowledge, he has not done so. The absence of a high school diploma and other vocational training may continue to be a barrier for him. Probation could still assist him in achieving his goal of obtaining a GED, as well as in obtaining and maintaining steady employment.

## IV.   CONCLUSION

The nature and circumstances of the offense, the history and characteristics of the defendant, the need to afford adequate deterrence, the need for protection of the public, and the need for providing the defendant with needed educational vocational and other correctional treatment all weigh in favor of Berry continuing on probation, at least until he can provide the Court and the Probation Office with a steady track record of stable and

//

//

Gov't Resp. to Def.'s Mtn. for Early Termination - 5
*United States v. Berry.* / CR19-230 JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

sustainable employment. For the foregoing reasons, early termination of probation at the present time is not warranted by the conduct of the defendant, nor is it in the interest of justice. Therefore, the government asks the Court to deny Berry's motion.

DATED this 22nd day of February, 2025.

Respectfully submitted,

TEAL LUTHY MILLER
Acting United States Attorney

/s Jessica M. Manca
JESSICA M. MANCA
Assistant United States Attorney
700 Stewart Street, Suite 5220
Seattle, WA 98101-1271
Telephone: (206) 553-7970
Email: Jessica.Manca@usdoj.gov

*I certify that this memorandum contains 1,213 words, in compliance with the Local Criminal Rules.*

Gov't Resp. to Def.'s Mtn. for Early Termination - 6
*United States v. Berry.* / CR19-230 JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970